JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AN
ACQUIRER OF CERTAIN ASSETS
AND LIABILITIES OF WASHINGTON
MUTUAL BANK FROM THE FDIC
ACTING AS RECEIVER, erroneously
sued as J.P. MORGAN CHASE BANK
N.A. AS SUCCESSOR IN INTEREST
TO WASHINGTON MUTUAL BANK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. BRIEN, an individual, SIMONE N. BRIEN, an individual, <br><br>Plaintiffs,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A., as successor in interest to WASHINGTON MUTUAL BANK, a National Association; and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.: CV 10-00374-DMG (MAXx)<br><br>JUDGE:   Dolly M. Gee<br><br>NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:   July 12, 2010<br>TIME:   9:30 a.m.<br>CTRM:   7<br><br>Action Filed: December 17, 2009 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 12, 2010 at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom "7" of the above-entitled court, defendant JPMorgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver, erroneously sued as J.P.

1

Morgan Chase Bank, N.A., as successor in interest to Washington Mutual Bank ("JPMorgan" or "Defendant"), will move the court to dismiss the action pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 12(e) on the grounds that the First Amended Complaint ("FAC") of plaintiffs David R. Brien and Simone N. Brien (collectively "Plaintiffs") fails to state a claim upon relief can be granted. Specifically JPMorgan will move the Court as follows:

1. Plaintiffs' claim for "Breach of Contract" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2. Plaintiffs' claim for "Negligence" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

3. Plaintiffs' claim for "Fraud" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

4. Plaintiffs' claim for "Negligent [sic]" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

5. Plaintiffs' claim for "Violation of Business and Professions Code 17200" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

6. Plaintiffs' claim for "Violation of the Real Estate Settlement Procedures Act" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

7. Plaintiffs' claim for "Violation of the Fair Debt Collection Practices Act" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

///

///

///

<u>Counsel for JPMorgan "met and conferred" with counsel for Plaintiffs on Mayh 26, 2010 regarding the grounds for this Motion to Dismiss.  Therefore, JPMorgan has met the requirements of Local Rule 7-3</u>.  *See* Local Rule 7-3

DATED: June 1, 2010

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By: <u>/s/ S. Christopher Yoo</u>
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER, erroneously sued as J.P. MORGAN CHASE BANK N.A. AS SUCCESSOR IN INTEREST TO WASHINGTON MUTUAL BANK

| | | |
|---|---|---|
| I. | SUMMARY OF ARGUMENT | 1 |
| II. | SUMMARY OF FACTS | 1 |
| III. | STANDARD FOR A MOTION TO DISMISS | 2 |
| IV. | PLAINTIFF SIMONE N. BRIEN LACKS STANDING | 2 |
| V. | PLAINTIFFS FAIL TO STATE A CLAIM FOR "BREACH OF CONTRACT" | 3 |
| VI. | PLAINTIFFS FAIL TO STATE A CLAIM FOR "NEGLIGENCE" | 4 |
| VII. | PLAINTIFFS FAIL TO STATE A CLAIM FOR "FRAUD" AND "NEGLIGENT MISREPRESENTATION" | 6 |
| VIII. | PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200" | 7 |
| | A.  Plaintiffs Lack Standing to Assert A Section 17200 Claim | 7 |
| | B.  Plaintiffs Fail to State a Claim for "Unfair", "Fraudulent," or "Deceptive" Business Practices | 8 |
| IX. | PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT" | 9 |
| X. | PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT" | 11 |
| XI. | CONCLUSION | 12 |

**Cases**

*Ach v. Finkelstein,*
  264 Cal.App.2d 667, 674 (1968)..................................................................6

*Beauchamp v. Los Gatos Golf Course,*
  273 Cal.App.2d 20, 32 (1969).....................................................................5

*Bell Atlantic Corp. v. Twombly,*
  127 S.Ct. 1955, 1959 (2007).......................................................................2

*Californians For Disability Rights v. Mervyn's, LLC*
  39 Cal.4th 223, 228 (2006).........................................................................7

*Clegg v. Cult Awareness Network,*
  18 F.3d 752, 754-55 (9th Cir. 1994)............................................................4

*Daugherty v. American Honda Motor Co., Inc.,*
  144 Cal.App.4th 824, 838 (2006)................................................................8

*Fox v. Pollack,*
  181 Cal.App.3d 954, 962 (1986).................................................................6

*Gantman v. United Pac. Ins. Co.,*
  232 Cal.App.3d 1560, 1566 (1991).............................................................3

*Heinemann v. Jim Walter Homes, Inc.,*
  47 F.Supp.2d 716 (D.W.Va.1998).............................................................11

*Hill Trans. Co. v. Southwest Forest Industries Inc.*
  266 Cal.App.2d 702, 707 (1968).................................................................6

*Hoyem v. Manhattan Beach City School District,*
  22 Cal.3d 508, 514 (1978)..........................................................................5

*Hulse v. Ocwen Fed. Bank, FSB,*
  195 F.Supp.2d 1188 (D.Or.2002)..............................................................11

*Hutchinson v. Delaware Sav. Bank FSB,*
  410 F.Supp.2d 374, 383 (D.N.J. 2006).....................................................10

*Khoury v. Maly's of California,*
  14 Cal.App.4th 612, 619 (1993)..................................................................8

*Lal v. American Home Mortg. Servicing, Inc.,*
  2009 WL 3126450, 3 (E.D.Cal.) (E.D.Cal.,2009).....................................10

*Melican v. Regents of University of California,*
  151 Cal.App.4th 168, 181-182 (2007)........................................................6

*Meyers v. Guarantee Sav. & Loan Assn.,*
  79 Cal.App.3d 307, 312 (1978)...................................................................5

*Microsoft Corp. v. A-Tech Corp,*
  855 F. Supp. 308, 313 (C.D. Cal. 1994)......................................................8

*Nielson v. Union Bank of California*,
  290 F. Supp.2d 1101, 1141 (C.D. Cal. 2003) .................................................. 6

*People v. Casa Blanca Convalescent Homes Inc.*,
  159 Cal.App.3d 509, (1984) ............................................................................ 8

*Singh v. Washington Mut. Bank*,
  2009 WL 2588885, 5 (N.D.Cal.,2009) ......................................................... 10

*Spiegel, Inc. v. F.T.C.*,
  540 F.2d 287, 293 (7th Cir.1976) .................................................................... 8

*Stansfield v. Starkey*,
  220 Cal.App.3d 59, 73 (1990) ......................................................................... 6

*Warth v. Seldin*,
  422 U.S. 490, 498 (1975) ................................................................................ 2

**Statutes**

12 U.S.C. § 2605(f)(1)(A) ................................................................................. 10

12 U.S.C. § 2605(f)(1)(B) ............................................................................. 9, 10

12 U.S.C. § 2605(e)(1)(B) ................................................................................... 9

Cal. Bus. Code § 17200 ............................................................................... 7, 8, 9

CCP § 367 ............................................................................................................ 3

FRCP Rule 12(b)(6) ......................................................................................... 2, 3

**Other Authorities**

CACI No. 303 (2008) ........................................................................................... 3

Proposition 64, section 17204 .............................................................................. 7

**Treatises**

3 Witkin, Cal Procedure (2d ed.) Pleading, s 91 (1971) ..................................... 3

5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997) .......... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMorgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver ("JPMorgan") erroneously sued as J.P. Morgan Chase Bank, N.A., as successor in interest to Washington Mutual Bank, respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss the First Amended Complaint ("FAC") of plaintiffs David R. Brien and Simone N. Brien (collectively "Plaintiffs").

## I. SUMMARY OF ARGUMENT

Like its predecessor complaint, the gravamen of the FAC is that JPMorgan somehow "breached" the terms of the deed of trust by demanding that Plaintiffs pay the amounts allegedly placed in an escrow account to pay delinquent property taxes. The deed of trust that is the subject of this action, however, specifically provides that JPMorgan was entitled to protect its security interest, and that the "[b]orrower shall pay to Lender…a sum…to provide for payments …for taxes and assessments[.] Lender may waive Borrower's obligation to pay…any such waiver may only be in writing[.]" Deed of Trust, pp. 4-5, ¶ 3; *see,* FAC, ¶¶ 31-32. Plaintiffs do not attach a signed waiver to the FAC. Consequently, all of the claims predicated upon this theory fail.

Additionally, all of plaintiff Simone N. Brien's claims lack merit because plaintiff Simone N. Brien has no standing to assert any claim against JPMorgan. This plaintiff is neither the record owner nor borrower on the subject loan. *See,* Request for Judicial Notice ("RJN"), Exhibits 1-3. For this reason alone, all of plaintiff Simone N. Brien claims should be summarily dismissed.

## II. SUMMARY OF FACTS

The following is a list of relevant facts alleged in the FAC or facts of which the Court may take judicial notice:

- The real property that is the subject of this dispute is located at 5636 Round

1

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1130900.2

- Meadow, Hidden Hills, California 91302 (previously defined as "Subject Property"). *See* FAC, ¶ 8 and RJN, Exhibits 1 to 3.
- An interspousal grant deed wherein Plaintiff David Brien obtained title to the Subject Property as his sole and separate property was recorded on or about April 3, 2008, with the Los Angeles County Recorder's Office as instrument number 20080572243. *See* RJN, Exhibit 1.
- A grant deed wherein Plaintiff David Brien obtained title to the Subject Property as his sole and separate property was recorded on April 3, 2008, with the Los Angeles County Recorder's Office as instrument number 20080572244. *See* RJN, Exhibit 2.
- Plaintiff David Brien obtained a residential loan in the sum of $1,410,000.00 ("Loan"). The Loan was secured by a deed of trust encumbering the Subject Property that was recorded on or about April 3, 2008 with the Los Angeles County Recorder's Office as instrument number 20080572245. The deed of trust identifies Washington Mutual Bank, FA ("WaMu") as the lender and beneficiary, California Reconveyance Company ("CRC"), and Plaintiff David Brien as the borrower. *See* RJN, Exhibit 3.
- JPMorgan Chase Bank, N.A., acquired certain assets and liabilities of WaMu from the FDIC, acting as receiver, including WaMu's interest in the subject loans that are the subject of this action, pursuant to the Purchase and Assumption Agreement ("Agreement") between the FDIC and JPMorgan Chase dated September 25, 2008. *See* RJN, Exhibit 4.

### III. STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the FAC's allegations are true." *Id.* Here, Plaintiffs fail to meet this standard.

### IV. PLAINTIFF SIMONE N. BRIEN LACKS STANDING

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In this case, Plaintiff Simone N. Brien has no standing to assert any claims in the FAC because she has no interest in either the Subject Property or the Loan.

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." Civ. Proc. § 367. The real party in interest is the person who has the right to sue under the substantive law. It is the person who owns or holds title to the claim or property involved, as opposed to others who may be interested or benefited by the litigation. *See, Gantman v. United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566 (1991), 3 Witkin, Cal Procedure (2d ed.) Pleading, s 91 (1971). Thus, a dismissal for lack of standing is a basis of dismissal for failure to state a claim under FRCP Rule 12(b)(6).

Plaintiff Simone N. Brien has no standing to bring this suit against JPMorgan because she does not have any interest in the Subject Property and <u>is not the borrower of the subject Loan</u>. *See* RJN, Exhibit 1-3. As the recorded title documents evidence, it was plaintiff David R. Brien – and plaintiff Simone N. Brien – who obtained the subject Loan. *Id. See also,* FAC, ¶¶ 13-14. Plaintiff Simone N. Brien conveyed any interest she had in the Subject Property to Plaintiff David R. Brien, pursuant to an Interspousal Grant Deed. *See* RJN, Exhibit 1. Given that plaintiff Simone N. Brien is not the borrower on the subject Loan or the owner of record, she has no standing to assert any cause of action against JPMorgan in the FAC, and all claims fail.

## V.   **PLAINTIFFS FAIL TO STATE A CLAIM FOR "BREACH OF CONTRACT"**

The elements for breach of contract are: (1) the parties entered into a contract; (2) that plaintiff did all, or substantially all, of the significant things that the contract required him to do or that he was excused from doing those things; (3) all conditions required by the contract for defendant's performance had occurred; (4) that defendant failed to do something that the contract required him to do; and that plaintiff was harmed by that failure. CACI No. 303 (2008).

Here, Plaintiffs allege that Chase "breached" the deed of trust by "demanding" payments for "property taxes, insurance and liens" "as if an escrow account had existed." FAC, ¶ 49. Plaintiffs' claim fails to establish any breach by JPMorgan, and

3

is without merit because the subject deed of trust <u>specifically</u> provides that an escrow account could be created to:

> "to provide for payments …for taxes and assessments." Lender may waive Borrower's obligation to pay…any such waiver may only be in writing[.] If there is a shortage of Funds…Lender shall notify Borrower…and Borrower shall pay to Lender the amount necessary…but in no more than 12 monthly payments[.]"

*See* RJN, Exhibit 3, pp. 4-5, ¶ 3.

While Plaintiffs allege that JPMorgan waived "its right to an escrow account at the loan origination," Plaintiffs do not attach a written waiver of such taxes and assessments.[1] Nor do Plaintiffs allege they paid property taxes, and instead, allege that they were "in the process of having the property taxes reassessed." FAC, ¶ 19. Thus, Plaintiffs fail to establish a breach by JPMorgan since it was entitled to create an escrow account if property taxes were not paid.

Further, Plaintiffs fail to allege any facts as to the fourth element—harm suffered as a result of the purported breach. In a conclusory manner, Plaintiffs allege "Homeowners have suffered damages." *See* FAC, ¶ 50. Such a conclusory allegation is insufficient. "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Accordingly, the motion to dismiss should be granted since Plaintiffs fail to allege any facts in support of the elements of a breach of contract claim.

## VI. PLAINTIFFS FAIL TO STATE A CLAIM FOR "NEGLIGENCE"

Plaintiffs allege that JPMorgan "owes Homeowners the duty of reasonable care and competence when engaging in the management of the loan associated with Homeowners' home." *See* FAC, ¶ 52. Plaintiffs further allege JPMorgan "breached this duty by assigning Homeowners' home to the foreclosure department[.]" *See*

---

[1] In support of Plaintiffs' claim, Plaintiffs attach Exhibit "F" which is entitled Escrow Account Notification and Agreement. However, Exhibit "F" is not signed by Plaintiff David Brien or any representative of JPMorgan. *Id.*

4
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT
1130900.2

FAC, ¶ 53.

An action for negligence must allege (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to Plaintiff as a result of the breach- proximate or legal cause; and (4) damage to plaintiff. *Hoyem v. Manhattan Beach City School District*, 22 Cal.3d 508, 514 (1978). <u>The existence of a duty of care owed by a defendant to a Plaintiff is a prerequisite to establishing a claim for negligence.</u> *Beauchamp v. Los Gatos Golf Course*, 273 Cal.App.2d 20, 32 (1969).

None of the elements of the "Negligence" claim is properly alleged. In particular, Plaintiffs fail to properly allege a legal duty to support the "Negligence" claim. FAC, ¶¶ 51-59. The general rule is that normal supervision of the enterprise by the lender for the protection of its security interest in loan collateral is not "active participation" in a security interest to create any legal duty between a lender and a borrower. *Meyers v. Guarantee Sav. & Loan Assn.*, 79 Cal.App.3d 307, 312 (1978). Here, Plaintiffs allege nothing more than the supervision of a security interest, and thus, no legal duty was created beyond those duties expressed in the deed of trust. The deed of trust <u>specifically provides</u> that JPMorgan was entitled to create an escrow account to provide for payments for taxes and assessments. Plaintiffs admit that they were "in the process of having the property taxes reassessed" (FAC, ¶ 19) and do not allege that *they* made any payments on the property taxes. Thus, there could be no breach of any duty owed to Plaintiffs based on the creation of an escrow account.

Further, as shown in the Purchase and Assumption Agreement ("P&A Agreement") JPMorgan acquired certain assets of WaMu, including WaMu's interest in the DOT. *See* RJN, Exhibit 4. Thus, pursuant to *Nymark* and *Price,* JPMorgan does not owe Plaintiffs a duty of care. Plaintiffs do not, and cannot, <u>demonstrate any relationship with JPMorgan giving rise to any duty, and that JPMorgan acted beyond the domain of a usual money lender.</u> Because Plaintiffs cannot establish that a duty is owed to Plaintiffs by JPMorgan, the negligence claim is subject to dismissal.

///

## VII. PLAINTIFFS FAIL TO STATE A CLAIM FOR "FRAUD" AND "NEGLIGENT MISREPRESENTATION"

The elements for fraud are: 1) a false representation of a material fact, 2) knowledge of the falsity (*scienter*), 3) intent to induce another into relying on the representation, 4) reliance on the representation, and 5) resulting damage. *Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968); 5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997). A plaintiff must plead a fraud claim specifically and not generally. Specific pleading requires facts that clearly allege every element of the fraud. *Stansfield v. Starkey,* 220 Cal.App.3d 59, 73 (1990).

Similarly, the elements for negligent misrepresentation are: 1) a representation as to a past or existing material fact; 2) the representation was untrue; 3) the defendant had no reasonable ground for believing it to be true; 4) the representation was made with intent to induce plaintiff to rely on it; 5) the plaintiff was unaware of falsity; and 6) the plaintiff sustained damages. *Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986). In essence, the elements of negligent misrepresentation are the same as intentional fraud except for the requirement of *scienter*. *Melican v. Regents of University of California*, 151 Cal.App.4th 168, 181-182 (2007); *Nielson v. Union Bank of California*, 290 F. Supp.2d 1101, 1141 (C.D. Cal. 2003).

A cause of action for fraud must be pled specifically. *Stansfield v. Starkley*, 220 Cal.App.3d 59, 73 (1990). Like a claim for "Fraud," a claim for negligent misrepresentation must meet certain particularity requirements. The particularity requirement for fraud mandates pleading facts that "show how, when, where, to whom, and by what means the representations were tendered." *Stansfield v. Starkey*, supra, 220 Cal.App.3d at 73; *Hill Trans. Co.*, 266 Cal.App.2d at 707.

As to the "Intentional Misrepresentation" claim, Plaintiffs do not allege any facts to suggest that any representation made by JPMorgan was false or with the intent to induce another into relying on the representation. FAC, ¶¶ 60-67; *Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968). The "Negligent Misrepresentation"

claim is similarly flawed, in that, Plaintiffs do not allege any facts to establish that the defendant had no reasonable ground for believing any representation to be true, or that any representation was made with intent to induce plaintiff to rely on it to Plaintiffs' detriment. FAC, ¶¶68-76.

Plaintiffs merely allege JPMorgan "represented to Homeowners that they owed over $28,000 although Defendant Chase had previously stated no such costs were ever advanced on Homeowner's behalf." *See* FAC, ¶ 61. Plaintiffs allege that "[s]uch representations that Homeowners were in default and owed said sums were false." *See* FAC, ¶ 62. Such generalized allegations cannot support a cause of action for fraud based upon either an intentional or negligent misrepresentation theory because Plaintiffs fail to allege any facts to support an inference that such "representations" were made intent to induce Plaintiffs into relying on such statements, or that such statements were made with no reasonable ground for believing their truth.

Likewise, Plaintiffs do not allege any damages arising from such alleged statements, and simply allege that such statements caused unidentified "harm." *See* FAC, ¶¶ 60-75. Based on the foregoing reasons, the motion to dismiss Plaintiffs' fourth and fifth claims for fraud and negligent misrepresentation must be granted without leave to amend.

## VIII. PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200"

### A. Plaintiffs Lack Standing to Assert A Section 17200 Claim

Plaintiffs lack standing to assert a claim under Business & Professions Code § 17200 ("Section 17200"). Prior to its amendment in 2004, Section 17200 and related provisions permitted any person acting for the general public to sue for relief from unfair competition and does not predicate standing on a showing of injury or damage. *Californians For Disability Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006). As amended by Proposition 64, section 17204 now limits standing in a section 17200 action to certain specified public officials and to "any person who has suffered <u>injury</u>

in fact and has lost money or property as a result of ... unfair competition." *Id.*

In this case, Plaintiffs fail to allege facts as to the money or property Plaintiffs allegedly lost as a result of any purported violation of Section 17200. Plaintiffs merely allude to nebulous injuries without alleging that they lost money or property as required under Section 17203 of the *Business and Professions Code*. *See* FAC, ¶¶ 76-83. Accordingly, absent a showing those Plaintiffs lost money or property by any conduct of JPMorgan, Plaintiffs lack standing to bring this claim.

### B. Plaintiffs Fail to State a Claim for "Unfair", "Fraudulent," or "Deceptive" Business Practices

Cal. Bus. Code § 17200 ("Section 17200" of "UCL") proscribes "unlawful, unfair, or fraudulent business acts." In this case, Plaintiffs apparently assert a claim under the "unfair," "unlawful," and "fraudulent" prongs of Section 17200. *See* FAC, ¶¶ 76-83. However, Plaintiffs' allegations are insufficient to state a claim.

"[A]n 'unfair' business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *People v. Casa Blanca Convalescent Homes Inc.*, 159 Cal.App.3d 509, (1984) (*citing Spiegel, Inc. v. F.T.C.*, 540 F.2d 287, 293 (7th Cir.1976)). Moreover, in alleging a claim for unlawful business practice under section 17200, the plaintiff must allege <u>facts</u> to demonstrate that the practice violates the underlying law, or "borrowed claim." *See, People v. McKale*, 25 Cal.3d 626, 635 (1979); *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993) ( A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation). Finally, the term "fraudulent," as used in the UCL, requires a showing that members of the public are likely to be deceived." *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 838 (2006).

In this case, Plaintiffs' allegations are insufficient to establish that JPMorgan engaged in any "unfair" business practices within the meaning of Section 17200.

1  Plaintiffs fail to allege any established public policy or immoral, unethical, oppressive,
2  unscrupulous or substantially injurious conduct committed by JPMorgan in
3  connection with the subject loan.  Plaintiffs also fail to allege that JPMorgan violated
4  an underlying law or "borrowed claim."  Consequently, Plaintiffs cannot in turn state a
5  claim for "unlawful" business practices against JPMorgan.  Regarding the claim for
6  "fraudulent" practices, Plaintiffs fail to allege that the public had any expectation or
7  made any assumptions regarding the purported loan at issue in support of any claim
8  under the fraudulent prong of Section 17200.  Accordingly, Plaintiffs' claim fails as
9  asserted against JPMorgan and is subject to dismissal without leave to amend.

## IX. PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT"

The claim for "Violation of the Real Estate Settlement Procedures Act" remains flawed despite amendment.  FAC, ¶¶ 84-88.  Plaintiffs do not allege *how* Defendant allegedly violated RESPA, or *what* provisions of RESPA were allegedly violated when JPMorgan allegedly "creat[ed] an escrow account" or "failed to properly account for Homeowner' payments."  *Id.*

The closest Plaintiffs come to alleging a RESPA violation, albeit deficiently, is that Plaintiffs allege that JPMorgan failed to respond to "several" Qualified Written Requests ("QWR").  FAC, ¶ 85.  Conspicuously absent from the complaint, however, is any allegation that the alleged "several" QWRs complied with Section 2605(e)(1)(B) of RESPA.[2]  In this case, Plaintiffs fail to allege facts to establish that the purported QWR contained the requisites to constitute a QWR under Section 2605(e)(1)(B).  Stated another way, the Complaint does not outline facts to show that the purported correspondences constitute a QWR under RESPA.  *See* FAC, ¶¶ 84-88.

---

[2] Section 2605(e)(1)(B) of RESPA states in relevant part: "For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) <u>includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.</u>"

9
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1130900.2

Even if a QWR was sent to JPMorgan and JPMorgan failed to respond, an allegation that JPMorgan does not concede, alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages. *See,* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure."); *Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) (a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the alleged violation)." *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006). The Complaint contains no allegation that JPMorgan's alleged failure to respond to the purported QWR caused any pecuniary loss to Plaintiffs. *See* FAC, ¶¶ 84-88. Without the allegations of a pecuniary loss, no claim for violation of RESPA can be asserted. *Hutchinson*, 410 F.Supp.2d at 383. Given Plaintiffs' failure to make the necessary causal connection, this claim should be dismissed. *See, Singh v. Washington Mut. Bank*, 2009 WL 2588885, 5 (N.D.Cal.,2009); *Hutchinson v. Del. Sav. Bank*, FSB, 410 F.Supp.2d 374, 383 (D.N.J.2006) (holding plaintiff's "alleging a breach of RESPA duties alone does not state a claim under RESPA"; noting plaintiff must allege "that the breach resulted in actual damages").

Finally, statutory damages a RESPA claim are available only if a plaintiff pleads some pattern or practice of non-compliance with the duty to respond to borrower inquiries 12 U.S.C. § 2605(f)(1)(B). *Lal v. American Home Mortg. Servicing, Inc.*, 2009 WL 3126450, 3 (E.D.Cal.) (E.D.Cal.,2009). Here, Plaintiffs failed to allege any facts supporting a theory that JPMorgan made it a regular practice to ignore the provisions of RESPA. *See* FAC, ¶¶ 84-88. For these reasons, the claim is subject to dismissal.

///

///

///

## X. PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT"

The claim for "Violation of Federal Debt Collection Practices Act" is also flawed. It is based on the allegation that JPMorgan was attempting to collect delinquent mortgage payments concerning the escrow items. FAC, ¶¶ 89-94. Such allegations cannot form the basis of a claim under the FDCPA. Specifically, the act of a lender enforcing its security interest under the deed of trust cannot be the basis of an FDCPA claim. *See Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188 (D.Or.2002) (the activity of foreclosing on the property pursuant to a deed of trust did not constitute the collection of a debt within the meaning of the FDCPA); *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716, 722 (D.W.Va.1998), aff'd, 173 F.3d 850 (4th Cir.1999) (finding that the act of foreclosing on the property pursuant to the deed of trust did not fall within the terms of the FDCPA). Here, JPMorgan was allegedly enforcing the security interest by creating an escrow account. *See,* FAC. The conduct of seeking amounts owed for escrow items through foreclosure cannot form the basis of an FDCPA claim. Accordingly, this claim is subject to dismissal without leave to amend.

///
///
///

## XI. CONCLUSION

For the foregoing reasons, JPMorgan respectfully requests that the Court grant their motion to dismiss without leave to amend as to all claims asserted against it.

DATED: June 1, 2010

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER, erroneously sued as J.P. MORGAN CHASE BANK N.A. AS SUCCESSOR IN INTEREST TO WASHINGTON MUTUAL BANK

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1130900.2

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE
*David R. Brien v. JPMorgan Chase, et al.*
USDCourt-Central Case No. 2:10-cv-00374-DMG (MANx)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On June 1, 2010, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action.

[x] by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

[x] **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

[ ] **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

[ ] **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

[ ] **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

[x] (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on June 1, 2010, at Santa Ana, California.

MICHELLE E AULT

## SERVICE LIST

*David R. Brien v. JPMorgan Chase, et al.*
USDC-Central Case No. 2:10-cv-00374-DMG (MANx)

| | |
|---|---|
| Thomas J. Bayard, Esq.<br>Walter Hackett, Esq.<br>20955 Pathfinder Rd., Suite 100<br>Diamond Bar, CA 91765 | Telephone: (909) 843-6590<br>Facsimile: (877) 843-6530<br><br>Attorneys for Plaintiffs, David R. and Simone N. Brien |